UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-61456-CIV-SEITZ/O'SULLIVAN

CROSS COUNTRY HOME SERVICES, INC.,

            Plaintiff,

v.

HOME SERVICE USA CORP., and
HOMESERVE PLC,

            Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Homeserve plc's Motion to Dismiss for Lack of Jurisdiction [DE-67]. Homeserve plc (Homeserve) is a United Kingdom corporation which is not authorized to do business in the United States and does not have offices in the United States. Consequently, Homeserve seeks to dismiss the claims against it for lack of personal jurisdiction. For the reasons set forth below, Homeserve's Motion is granted.

**I.    Background Facts**[1]

Plaintiff's three count Complaint alleges claims against Defendant Home Service USA Corp. (HSUSA) and Homeserve for: (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) common law unfair competition. The trademarks at issue are Plaintiff's registered trademarks "HOMESERVE" and "HOMESERVE 24" (the Marks).[2] HSUSA used the Homeserve name on its website and in

---

[1] The Court notes that the Motion to Dismiss was filed after discovery closed. Thus, the record is complete and Plaintiff's unsupported allegations which are contradicted by Defendant's record evidence need not be taken as true.

[2] Plaintiff uses the Marks in its home repair referral service business, which provides referral and warranty services for home repairs. Defendants are in the same, or similar, type of

business-to-business presentations in the United States to indicate its connection with Homeserve. HSUSA is a wholly owned subsidiary of Homeserve and is a Pennsylvania corporation with its principal place of business in Miami, Florida.

The Complaint alleges that the Court has jurisdiction over Homeserve because Homeserve "committed tortious acts of trademark infringement and unfair competition in Florida." The Complaint does not allege that Homeserve directly took any action in Florida; instead, it alleges that Homeserve induced HSUSA's actions regarding the use of the Marks, that Homeserve controlled the use of the Marks, and thus, it is contributorily and vicariously liable for any infringement.

Plaintiff alleges that Homeserve learned of Plaintiff's use of the Marks when, in 2001, Homeserve came to Florida and met with Plaintiff about a potential partnership. The meetings did not result in the formation of a partnership or other business relationship. However, after meeting with Plaintiff and learning of the Homeserve name, Homeserve changed its name from Home Service GB to Homeserve plc and registered Homeserve as the corporate name in the United Kingdom. Plaintiff argues that Homeserve treated HSUSA as its agent in all of its literature and that Homeserve decided what marks HSUSA could use, as part of Homeserve's worldwide marketing strategy and control over the marks used by all of its subsidiaries worldwide. However, Plaintiff has not presented any evidence of such centralized decision making regarding marketing strategy in the United States or regarding the use of the Homeserve mark by Homeserve's subsidiaries. As discussed below, the two emails that Plaintiff attaches to its papers are insufficient to controvert Defendant's record evidence, namely the two affidavits Defendant has submitted in support of its Motion.

---

business.

Homeserve has submitted the affidavit of Jonathan King, the CEO of HSUSA,[3] in which King states that HSUSA's day-to-day operations are not directed or controlled by Homeserve and that HSUSA does not act as agent for Homeserve. Further, HSUSA controls its own website and Homeserve had no input into the decision to use the Homeserve name on the HSUSA website or in HSUSA business-to-business presentations. King further states that "HSUSA received neither approval, nor assistance from Homeserve to make the decisions that are directly responsible for the allegedly infringing activities, namely, the adoption and uses of the Homeserve mark on the HSUSA website or in business-to-business presentations prepared or given by HSUSA." Further, Homeserve did not induce the allegedly infringing activity. Homeserve conducts periodic audits of HSUSA and King participates in weekly conference calls between the Homeserve CEO and the CEOs of Homeserve's subsidiaries, which includes HSUSA.

Homeserve has also submitted the affidavit of Anna Maughan, the Company Secretary of Homeserve.[4] Maughan states that Homeserve does not regularly conduct business in Florida or market or provide services in the United States. According to Maughan, Homeserve does not exercise control over HSUSA's day-to-day operations and HSUSA is not Homeserve's agent. Further, Homeserve was not involved with HSUSA's decision to use the Homeserve mark on the HSUSA website or in its business-to-business presentations.

## II.     Standard for a Motion to Dismiss for Personal Jurisdiction

When considering a motion to dismiss for lack of personal jurisdiction, a district court must first determine whether a plaintiff has established a prima facie case of personal

---

[3] DE-67, Ex. B.

[4] DE-67, Ex. D.

jurisdiction. *Abramson v. Walt Disney Co.*, 132 Fed. App'x 273, 275 (11th Cir. 2005). In making this determination, the district court must accept the plaintiff's allegations as true, unless contradicted by defendant's affidavits. *Id.* "After a plaintiff has established a prima facie case for jurisdiction and the defendant has filed affidavits contesting jurisdiction, the plaintiff bears the burden of proving sufficient jurisdiction *by affidavits or other sworn statements.*" *Id.* at 276 (emphasis added). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

### III. Analysis

Determining personal jurisdiction is a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, a court must consider whether jurisdiction exists under a state's long-arm statute. *Id.* If there is a basis for jurisdiction under the state statute, a court must then determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied before a court may exercise personal jurisdiction over a nonresident defendant. *Madara*, 916 F.2d at 1514. Because Plaintiff has not met its burden of establishing either prong of the test, Homeserve must be dismissed.

Plaintiff argues in the alternative that even if Homeserve's actions do not fall under Florida's long arm statute, the Court has jurisdiction over Homeserve based on the "federal long arm statute," Federal Rule of Civil Procedure 4(k)(2), which states:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

4

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
(B) exercising jurisdiction is consistent with the United States Constitution and laws.

Under the language of subsection (B) of the Rule, in order to have jurisdiction, due process requirements must still be met.[5] *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220-21 (11th Cir. 2009). Because exercising jurisdiction over Homeserve would violate due process, Homeserve must be dismissed.

### A. Plaintiff Has Not Established Jurisdiction Under Florida's Long-Arm Statute

Under Florida's long-arm statute, jurisdiction exists when:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * *
(b) Committing a tortious act within this state.

Fl. Stat. § 48.193. The Complaint alleges that HSUSA and Homeserve committed a tort in Florida by infringing on Plaintiff's trademarks in Florida. More specifically, the Complaint alleges that HSUSA actually infringed on the Marks and that Homeserve "induced" HSUSA's infringing use and that Homeserve controls HSUSA's use of the Marks. Thus, Homeserve's liability does not stem from its own actions but from the actions of its alleged agent. Thus, in order to have jurisdiction over Homeserve under Florida's long-arm statute, HSUSA must be Homeserve's agent.

---

[5] While the due process considerations under the "federal long arm statute" arise from application of the Fifth Amendment, "[a]s the language and policy considerations of the Due Process Clauses of the Fifth and Fourteenth Amendments are virtually identical, decisions interpreting the Fourteenth Amendment's Due Process Clause guide us in determining what due process requires in the Fifth Amendment jurisdictional context." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1219 n.25 (11th Cir. 2009).

The elements necessary to establish an agency relationship under Florida law are: (1) acknowledgment by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent. *State v. American Tobacco Co.*, 707 So. 2d 851, 854 (Fla. 4th DCA 1998). Further, under Florida law, for a parent corporation to be held liable for its subsidiary's acts under an agency theory, the parent "must exercise control to the extent the subsidiary manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation." *Id.* at 855. Thus, the parent must exercise significant control over the subsidiary. *Id.* Consequently "the mere presence of a wholly owned subsidiary is insufficient to form a basis for the assertion of personal jurisdiction." *Id.* at 854. Homeserve argues, and has submitted supporting affidavits, that none of the elements necessary to find an agency relationship between it and HSUSA have been met and thus HSUSA is not its agent. In response, Plaintiff argues that the elements of an agency relationship have been met and thus HSUSA is Homeserve's agent, at least for purposes of using the Marks.

Homeserve has presented the affidavits of Jonathan King, the CEO of HSUSA, and Anna Maughan, the Company Secretary of Homeserve, in which both state that HSUSA's day-to-day operations are not directed or controlled by Homeserve and that HSUSA does not act as agent for Homeserve. The affidavits further state that Homeserve was not involved with the decision by HSUSA to use the Homeserve name on HSUSA's website and in business-to-business transactions. Thus, as set out above, the burden now shifts to Plaintiff to establish the existence of an agency relationship, through sworn testimony or affidavits, in order to establish personal jurisdiction over Homeserve.

In attempting to meet its burden, Plaintiff relies on public statements made by Homeserve that refer to "Homeserve's US business," "we," "Homeserve . . . in the USA" and other similar references to show that Homeserve recognizes that it has an agency relationship with HSUSA. Plaintiff then asserts that HSUSA's use of the Homeserve name on its website and in its presentations and King's testimony that he wants to make clear to potential business partners that "we are part of a large, well-financed, successful, experienced company that happens to be called HomeServe PLC," all indicate that HSUSA believed that it was an agent of Homeserve. To establish the control element, Plaintiff argues that Homeserve must have controlled HSUSA's use of the Homeserve name because it knew about HSUSA's usage of the Homeserve mark and knew that the usage was infringing, yet did nothing to stop the infringing usage. However, Plaintiff has provided no sworn evidence to support these contentions. Additionally, Homeserve's public statements, set out above, are not sufficient to ignore the separate corporate entities and Plaintiff has presented no evidence to support an argument that HSUSA was nothing more than the alter-ego of Homeserve.

Further, Plaintiff's evidence does not support its conclusion, even drawing all inferences in Plaintiff's favor. Plaintiff has no evidence that Homeserve knew of the infringing activity prior to the filing of this lawsuit. The evidence relied on by Plaintiff, an email, Exhibit 11 to Plaintiff's response, establishes that Homeserve was notified of the alleged infringement after the filing of this lawsuit. Another email Plaintiff relies on, Exhibit 16, simply establishes that HSUSA and Homeserve were discussing the registration of trademarks used in the United States.[6] Contrary to Plaintiff's assertions neither email shows that Homeserve knew of, or was

---

[6]Plaintiff's assertion that this email, Exhibit 16 to Plaintiff's Opposition, establishes that Homeserve decides what marks will be used worldwide is not a reasonable interpretation of the email.

7

involved in, the use of the Homeserve name on HSUSA's website. Nor does the deposition testimony of Homeserve's 30(b)(6) witness indicate anything other than Homeserve knew that it could not re-brand its United States subsidiary using the Homeserve name. Other than this evidence regarding trademarks, Plaintiff has presented no evidence to establish the control necessary to show that HSUSA was the agent of Homeserve, even in the limited capacity as to the use of the Marks. Consequently, Plaintiff has failed to meet its burden of establishing an agency relationship between HSUSA and Homeserve. Without the existence of an agency relationship, Homeserve is not subject to Florida's long-arm statute.

**B.   Due Process**

Plaintiff has also failed to establish that exercising personal jurisdiction over Homeserve would not violate due process requirements. In a case involving specific jurisdiction, a defendant's contacts with the forum must satisfy three criteria: (1) they must be related to the plaintiff's cause of action or have given rise to it; (2) they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and (3) they must be such that the defendant should reasonably anticipate being haled into court there. *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (quotations and citation omitted).

Plaintiff has not established the first criteria: that Homeserve's contact with Florida, or the United States,[7] is related to Plaintiff's causes of action or have given rise to the causes of action. Because there is no agency relationship between Homeserve and HSUSA, the Court must consider the direct contacts Homeserve has with Florida and the United States. Those

---

[7]Under the "federal long arm statute" the applicable forum for the minimum contacts analysis is the United States. *Oldfield*, 558 F.3d at 1220.

direct contacts are periodic audits of HSUSA, reports by HSUSA's CEO to Homeserve's CEO, and weekly conference calls between Homeserve's CEO and the CEO's of Homeserve's subsidiaries, including HSUSA. There is no evidence that these activities are related to Plaintiff's trademark claims. Consequently, the first prong of the due process analysis has not been met. Therefore, Plaintiff cannot satisfy the due process requirement necessary to establish personal jurisdiction over Homeserve.[8]

Accordingly, it is hereby

ORDERED that Defendant Homeserve plc's Motion to Dismiss for Lack of Jurisdiction [DE-67] is GRANTED. Defendant Homeserve plc is dismissed.

DONE AND ORDERED in Miami, Florida this 5th day of January, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

---

[8]Because exercising jurisdiction over Homeserve would violate due process, allowing Plaintiff to amend its complaint to allege personal jurisdiction over Homeserve pursuant to Federal Rule of Civil Procedure 4(k)(2) would be futile.

9